Putnam J.
delivered the opinion of the Court. The objections of the counsel for the appellant cannot prevail. The object of the appellee is to compel a discovery under the oath of the administrator, of the facts which may tend to prove his liability to pay interest upon any money held by him during the time of his administration. It may happen that the facts which may be disclosed would not support any charge of interest. We have decided in Stearns v. Brown et al. 1 Pick. 530, that the administrator may be compelled to answer upon oath touching the use he has made of the money in his hands, and we see no good reason for overruling that opinion.[1]
If the account of administration has not been settled and closed, it seems wholly unimportant whether a charge to which the administrator is justly liable, be classed among the incidental or principal matters.
The main objection which has been presented is, that this matter has already been passed in judgment at the Probate Court. It either has or it may have been there considered and disallowed. It is said to be res judicata, and involved in the settlement of thé previous' account in the Probate Court. If that were made to appear, we should not disturb the account or open it in the manner proposed. But all that can be ascertained from the inspection of that account is, that there is no charge for interest contained in it. It is answered however, that the reason for the omission may be the refusal of the judge of probate to allow such a charge upon the application of the appellee, and so it is insisted that this matter may have been heard and tried and decided in the proper tribunal. Now that argument would apply just as well to any other charge which shoi Id be proposed to be added to the account, which had been omitted to be claimed in a former account. JY*on constat upon the face of the account, or in the proceedings in the Probate Court, but that the judge has refused to allow it. It may have been the subject of examination, and it may have *428 been rejected. But we think that this argument proves too much> and would exclude all claims which were in existence, but which were by accident or mistake omitted to be presented. It will not do to say that no investigation shall be had concerning such charges, because, for any thing which appears upon the face of the proceedings, they may have been heard and rejected. If that were the truth of the case, it can be proved, and if proved, it would be conclusive.[1] For we consider all matters within the jurisdiction of the Probate Court and settled there, to be conclusive between the parties, and not to be disturbed unless upon the ground of fraud ; which will vitiate all proceedings in that as well as in any other court. It was upon this principle that this Court proceeded in Hapgood’s case at Worcester. An issue was found by the jury in that case, upon the point of fraud alleged to have been practised in the settlement of the account in the Probate Office.
Now the appellant cannot say with truth, that this account of administration is closed. He has- opened it himself to correct a mistake which he made, by which he omitted to charge the estate with something with which it ought to be charged. It being opened, it seems to us that the appellee must be permitted to show that the administrator has omitted to charge himself with something with which he ought to be charged.
The allegation is, that this is new matter upon which the judge has not decided, and which has not been presented Whether it be so or not, may be a subject of subsequent inquiry and proof. If it were heard and rejected, it would follow that the remedy for the aggrieved party would have been by appeal. But if it shall appear that it is new matter, as the account is now opened, we see no good reason why t should not be examined.[1]
We think the administrator must answer upon his oath to the interrogatories proposed by the appellee ; and that ;he cause should be remitted to the Court of Probate, for further proceedings there to be had upon the discovery which the administrator is to make.

 See Griswold v. Chandler, 5 N. Hampsh. R. 497; Revised Stat. c. 67 § 7; Pope v. Jackson, 11 Pick. 118; Higbee v. Bacon, 7 Pick. 14.

 See Standish v. Parker, 2 Pick. (2nd ed.) 22, note 3.

 See Revised Stat, c. 67, § 10.